RAFFI KHATCHADOURIAN - SBN 193165
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California 91436-2829
Telephone: (818) 501-3800
Facsimile: (818) 501-2985
File No. 3968-20093114-RK

Attorneys for Objecting Secured Creditor,
OneWest Bank, FSB as Purchaser of Certain Assets of First Federal Bank of California from the Federal Deposit Insurance Corporation

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In Re:<br><br>CARL FREDERICK PIEPER,<br><br>        Debtor. | Case No. 10-11316-AJ13<br><br>Chapter 13<br><br>NOTICE OF OBJECTION AND OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN AND DECLARATION OF CAROL A. BAXTER IN SUPPORT THEREOF<br><br>Confirmation Hearing:<br>Date:    June 21, 2010<br>Time:   1:30 p.m.<br>Judge:  Hon. Alan Jaroslovsky |

**TO THE HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HIS ATTORNEY OF RECORD, THE CHAPTER 13 TRUSTEE AND ALL INTERESTED PARTIES:**

    NOTICE IS HEREBY GIVEN THAT Secured Creditor OneWest Bank, FSB as Purchaser of Certain Assets of First Federal Bank of California from the Federal Deposit Insurance Corporation ("OneWest"), objects to the Confirmation of the Debtor's Chapter 13 Plan. The bases for the objection are stated below:

    OneWest is the holder of a Note secured by a Deed of Trust on Debtor's principal residence located at 485 Amoros Court, Santa Rosa, California 95401 ("Property").

\\\

1  OneWest's claim as of the Petition Date in this Chapter 13 bankruptcy case is $402,386.06, as
set forth in OneWest's Proof of Claim filed herein, a true and correct copy of which is attached to the
Declaration of Carol A. Baxter as Exhibit "4" and incorporated herein by reference as though set forth
in full..

Debtor has proposed a Chapter 13 Plan in this bankruptcy case which cannot be confirmed as a matter of law. The Plan is objectionable, without limitation, for the reasons set forth hereinbelow:

1.  The Plan improperly modifies the rights of OneWest, whose claim is secured only by a security interest in real property that is the Debtor's principal residence by failing to provide for a cure of the correct amount of pre-petition arrearages with the correct rate of interest thereon. The interest rate under Debtor's promissory note is 4.0070% as of the Petition date. OneWest is entitled to interest on such arrearages.

Actual pre-petition arrearages are in the amount of $46,159.27 with accrued but unpaid interest, late charges, foreclosure and other fees, as follows:

| | |
|---|---|
| 12 Regular mortgage payments for 5/09 through 04/10 | $ 34,091.19 |
| Late charges | $ 1,747.76 |
| Foreclosure fees and costs | $ 4,171.18 |
| Property tax advance | $ 4,238.05 |
| Property tax advance service fee | $ 175.00 |
| Interest on advance | $ 137.59 |
| Pre-petition attorneys' fees | $ 1,597.50 |
| **Total arrears:** | **$ 46,159.27** |

Debtor does not provide for interest on the arrears at the correct rate of interest, nor does he list the correct amount of arrears, only listing arrears in the amount of $29,469.06. Additionally, the Plan will not pay off the arrears in full even over the 60-month course of the Plan. Based on the foregoing, the Plan may not be confirmed pursuant to 11 U.S.C. § 1322(b)(2).

2.  OneWest has an allowed secured claim and objects because it has not accepted the Plan pursuant to 11 U.S.C. § 1325(a)(5)(A).

3.  The Plan is not feasible in light of the increase in OneWest's claim herein.

Based on the foregoing, OneWest submits that the Plan may not be confirmed, and the appropriate remedy in this case is either immediate conversion to Chapter 7, or dismissal of the Chapter 13 bankruptcy case.

1  Dated: April 22, 2010                    HEMAR, ROUSSO & HEALD, LLP

2                                           By: /s/ *Raffi Khatchadourian*
                                            _____
3                                           RAFFI KHATCHADOURIAN
                                            Attorneys for Objecting Secured Creditor,
4                                           OneWest Bank, FSB as Purchaser of Certain Assets of
                                            First Federal Bank of California from the Federal Deposit
5                                           Insurance Corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF CAROL A. BAXTER

I, CAROL A. BAXTER, declare as follows:

1. I am an authorized agent of Creditor OneWest Bank, FSB, the assignee of the rights of OneWest Bank of California ("OneWest") with respect to the loan and the real property at issue. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. On or about December 18, 2009, OneWest Bank of California ("OneWest") was closed by the Federal Deposit Insurance Corporation ("FDIC"), and the FDIC was appointed as Receiver. At that time, the FDIC assigned all rights under the loan documents described herein to OneWest, without recourse. Prior to December 18, 2009, I was employed by OneWest as the Senior Vice President and Manager of the Loan Service Department. A true and correct copy of the Assignment and Assumption of Loans and Loan Documents is attached hereto as Exhibit "1" and incorporated herein by this reference.

3. For convenience, as hereafter used, the "Bank" shall refer to OneWest Bank, FSB, for circumstances existing or occurring on or after 5:00 pm Pacific Time on December 18, 2009, or its assignor, OneWest Bank of California ("OneWest"), for events occurring prior to 5:00 pm Pacific time on December 18, 2009. At all times prior to the closing of OneWest and since that point is time, I have served as an authorized representative of the Bank, and I have custody of the books and records of the Bank pertaining to the obligations of Debtors (or "Borrowers"), and I am familiar with the transactions reflected thereby. I make this Declaration based upon my personal knowledge and the information contained in the records of the Bank, which I have personally reviewed and which this Declaration accurately reflected. In my capacity as Custodian of Records for the Bank, I can state that the records and other documents in the files of the Bank, including the documents attached hereto, constitute writings made in the regular and ordinary course of business of OneWest and OneWest, at or near the time of the events, or acts, of which they are a record. I further state from my own knowledge that each such record or documents was prepared by persons employed by, or otherwise working for and on behalf of, OneWest and OneWest, as applicable, who had personal knowledge of the event

being recorded and who had a duty to accurately record the event.

4. On or about March 2, 2004, Debtor executed and delivered a Note (hereinafter "Note") in favor of First Federal Bank of California for the principal sum of $320,000.00. Debtor concurrently granted to First Federal Bank of California a beneficial interest on a first position in a Deed of Trust (hereinafter "Deed") recorded on the real property commonly known as 485 Amoros Court, Santa Rosa, California 95401 and legally described in the Deed. True and correct copies of the Note and Deed are attached hereto as Exhibits "2" and "3," respectively, and incorporated herein by this reference.

5. Pursuant to the terms and conditions of the Note and Deed, the Debtor was to make payments commencing on May 1, 2004, and continuing on the 1st day of each consecutive month thereafter, until April 1, 2034, when the Note fully matures.

6. On or about November 19, 2009, the Debtor filed his first voluntary petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, Santa Rosa Division, Case No. 09-13905-AJ13, which was subsequently dismissed. On or about April 12, 2010, the Debtor filed his second voluntary petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, Santa Rosa Division, which is the case herein.

7. The total balance due under the Note is $402,386.06 as of the Petition date, broken down as follows:

| | |
|---|---|
| Principal | $ 370,887.16 |
| Accrued interest through petition date | $ 19,430.82 |
| Late charges | $ 1,747.76 |
| Foreclosure fees and costs | $ 4,171.18 |
| Property tax advance | $ 4,238.05 |
| Property tax advance service fee | $ 175.00 |
| Interest on advance | $ 137.59 |
| Pre-petition attorneys' fees | $ 1,597.50 |
| Total balance owed: | $ 402,386.06 |

8. The Debtor is pre-petition delinquent in the amount of $29,469.06 with accrued but unpaid interest, late charges, foreclosure and other fees, as follows:

\\\

| | |
|---|---|
| 12 Regular mortgage payments for 5/09 through 04/10 | $ 34,091.19 |
| Late charges | $ 1,747.76 |
| Foreclosure fees and costs | $ 4,171.18 |
| Property tax advance | $ 4,238.05 |
| Property tax advance service fee | $ 175.00 |
| Interest on advance | $ 137.59 |
| Pre-petition attorneys' fees | $ 1,597.50 |
| Total arrears: | $ 46,159.27 |

9. A true and correct copy of the Proof of Claim filed herein is attached hereto as Exhibit "4" and incorporated herein by this reference.

10. Debtor does not provide for interest on the arrears at the correct rate of interest, nor does he list the correct amount of arrears, only listing arrears in the amount of $29,469.06, the amount of the Bank's Proof of Claim in Debtor's prior case. A true and correct copy of Debtor's Plan is attached hereto as Exhibit "5" and incorporated herein by this reference.

11. The interest rate under Debtor's promissory note is 5.083% as of the Petition date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of April, 2010, at Los Angeles, California.

/s/ *Carol A. Baxter*
_____
CAROL A. BAXTER