MARISOL A. NAGATA
CA NO. 221387
BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP
20955 PATHFINDER ROAD
SUITE 300
DIAMOND BAR, CA 91765
Phone: (626) 915-5714, Fax: (972) 661-7726
E-mail: NDCAECF@BDFGROUP.COM

Attorney for Movant
WELLS FARGO BANK, N.A., ALSO
KNOWN AS WACHOVIA MORTGAGE, A
DIVISION OF WELLS FARGO BANK, N.A.,
AND FORMERLY KNOWN AS WACHOVIA
MORTGAGE, FSB, FORMERLY KNOWN AS
WORLD SAVINGS BANK, FSB, ITS
ASSIGNS AND/OR SUCCESSORS IN
INTEREST

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:
CARL F PIEPER

Debtor.

CASE NO.: 10-11316-AJ-13
CHAPTER: 13
R.S. NO.: EAT-1019

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

DATE: September 07, 2010
TIME: 09:00 a.m.
PLACE: U.S. Bankruptcy Court
99 "E" Street
Santa Rosa, CA

WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB, ITS ASSIGNS

1
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND/OR SUCCESSORS IN INTEREST, hereby moves the court for an Order Terminating Automatic Stay for cause pursuant to *11 U.S.C. Section 362(d)(1)* on the grounds hereafter set forth:

1. On April 12, 2010, the Debtor CARL F PIEPER commenced this voluntary Chapter 13 case in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division, Case No. 10-11316-AJ-13. DAVID E. BURCHARD is the duly appointed, qualified and acting Chapter 13 Trustee.

2. The Debtor's estate includes real property commonly known as 1420 E 35TH ST, TULSA, OK 74105 and legally described as follows:

> WEST HALF (W/2) OF LOT TEN (10), BLOCK SIX (6), OLIVERS ADDITION TO THE CITY OF TULSA, TULSA COUNTY, STATE OF OKLAHOMA, ACCORDING TO THE RECORDED PLAT THEREOF.

3. Movant, its successors and assigns, is the current holder of a ARM Note in the original sum of $116,800.00 executed on or about May 18, 2006 by the Debtor CARL F PIEPER in favor of WORLD SAVINGS BANK, FSB. The Note is secured by a First priority Deed of Trust against said real property recorded on June 06, 2006, as Instrument No. 2006063818 in the Office of the County Recorder of Tulsa County, Oklahoma.

4. The original loan amount was payable with interest at the initial rate of 6.96 per annum in monthly principal and interest installments of $821.12 each, commencing July 15, 2006 and continuing thereafter each calendar month through June 15, 2036 at which time the entire unpaid principal balance plus accrued interest shall be due and payable. The interest rate and monthly payment are subject to periodic adjustments as specified in the Note.

5. The Debtor defaulted in his monthly payment obligations prior to bankruptcy filing, and a Proof of Claim itemizing the Debtor's pre-petition default has been or will be filed. Movant has has not yet commenced foreclosure proceedings against the real property.

6. The Debtor has materially defaulted in his obligation by failing to make regular post-petition monthly mortgage installments totaling $2,557.06 through and including July 15, 2010. Another post-petition installment of $821.12 has become due on August 15, 2010. In addition, Movant has incurred attorney fees and costs totaling $800.00 to prosecute this relief from stay motion. These legal expenses are recoverable as additional obligations payable under the ARM Note and Deed of Trust.

7. The Debtor's material default constitutes cause to terminate the automatic stay under *11 U.S.C. Section 362(d)(1)* so that Movant can progress enforcement of its contractual default remedies to foreclose upon and recover possession of the real property.

WHEREFORE, Movant prays for an Order as follows:

1. For an Order Terminating Automatic Stay to allow Movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Terminating Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing or court order.

3. That the Order Terminating Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure*.

3
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4.  For such other relief as the Court deems proper.

BARRETT DAFFIN FRAPPIER TREDER
& WEISS, LLP

Date: August 23, 2010          By:    /s/ MARISOL A. NAGATA
                                      MARISOL A. NAGATA
                                      Attorney for Movant